UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| TIMOTHY C. ODOM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CV-2189 |
| | ) |
| KATE WATSON, DENNIS GIRE, | ) |
| MICHAEL BRADLEY, and VILLA | ) |
| GROVE BOARD, | ) |
| | ) |
| Defendants. | ) |

**OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#27) filed by Defendants, Villa Grove Police Chief Dennis Gire, Officer Michael Bradley and the Villa Grove Board, and the Motion for Summary Judgment (#28) filed by Defendant Kate Watson. Following this court's careful consideration of the arguments of the parties, both Motions for Summary Judgment (#27, #28) are GRANTED.

BACKGROUND

On August 25, 2010, Plaintiff, Timothy C. Odom, filed a pro se Complaint (#1) against Kate Watson, Dennis Gire, Judge Chris Freese, Michael Bradley and the Villa Grove Board. Plaintiff stated that his lawsuit was brought pursuant to 42 U.S.C. § 1983. He alleged that his civil rights were violated when he was arrested on August 23, 2010. Plaintiff alleged that the arrest was based upon a "stalking no contact order" signed by Judge Freese. Plaintiff alleged that the charge was brought by Assistant State's Attorney Watson and that the charge was signed by Chief Gire under oath. Plaintiff also alleged that Officer Bradley violated his rights when Bradley gave both of Plaintiff's children in his custody to his girlfriend. Plaintiff attached copies of documents to his

Complaint. These documents included a copy of the order signed by Judge Freese on June 8, 2010, and a copy of an Information filed August 23, 2010, which charged Plaintiff with the offense of unlawful violation of a stalking no contact order, in violation of 740 Ill. Comp. Stat. 21/125. Plaintiff also attached a copy of an arrest warrant issued on August 23, 2010, and a copy of the birth certificate for each of his two children.

On November 10, 2010, Defendant Watson filed a Motion to Stay Proceedings (#14). Watson stated that criminal proceedings remained pending against Plaintiff and asked that the case be stayed until the criminal prosecution was resolved. On December 23, 2010, Magistrate Judge David G. Bernthal granted the Motion to Stay and stayed the proceedings pending further order of the court. On July 26, 2011, a telephone status conference was held. The parties discussed the status of the state criminal proceedings and Judge Bernthal lifted the stay.

On August 15, 2011, Judge Bernthal entered a Report and Recommendation (#26). Judge Bernthal recommended granting the Motion to Dismiss (#19) filed by Defendant Freese based upon judicial immunity. On September 6, 2011, this court entered an Order (#35) which accepted the Report and Recommendation and dismissed Plaintiff's claim against Defendant Freese with prejudice. Defendant Freese was terminated as a party to this case.

On August 15, 2011, a Motion for Summary Judgment (#27) was filed by Defendants Gire, Bradley and the Villa Grove Board. On August 16, 2011, Defendant Watson filed her Motion for Summary Judgment (#28). Defendant Watson also filed a Memorandum (#29) with an attached Affidavit in support of her Motion for Summary Judgment. The evidence presented by Defendants showed that Plaintiff was charged by information with unlawful violation of a stalking no contact order in Douglas County Case No. 2010-CM-95. On June 20, 2011, judgment was entered in favor

of the People and against Plaintiff in the criminal case. Judgment was entered against Plaintiff in the amount of $425.00 and the case was closed. Defendants argue that they are entitled to summary judgment because Plaintiff's claims are precluded by the doctrine set out in Heck v Humphrey, 512 U.S. 477 (1994). Defendant Watson also argues that she is entitled to prosecutorial immunity.

On August 16, 2011, two Notices (#30, #31) were sent to Plaintiff.[1] The Notices stated:

> NOTICE IS HEREBY GIVEN that a case-dispositive motion (such as a motion for summary judgment or motion for judgment on the pleadings) has been filed. See Fed.R.Civ.P.12(b)(6), Fed.R.Civ.P.56; Fed.R.Civ.P12(c),. Please be advised that you have **twenty-one (21)** days from the date of filing to respond to the motion. If you do not respond, the motion, if appropriate, will be granted and the case will be terminated without a trial. See, generally, Lewis v. Faulkner, 689 F. 2d 100 (7th Cir. 1982); Timms v. Frank, 953 F. 2d 281 (7th Cir. 1992). Under the court's local rules, a motion is deemed to be uncontested if no opposing brief is filed. See L.R. CDIL 7.1(D)(2).
>
> When a motion for summary judgment is made and properly supported, you must not simply rely upon the allegations made in your complaint. Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil

---

[1] The Notices were returned by the post office as undeliverable. However, Plaintiff came to the clerk's office on September 2, 2011, and was given copies of the Notices.

> Procedure, a copy of which is attached. Your response must set forth specific facts showing that there is a genuine issue of material fact for trial. If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. **See Fed. R. Civ. P 56(e) and L.R. 7.1(attached)**.

On September 13, 2011, Plaintiff filed his pro se Response (#36) to the Motions for Summary Judgment. Plaintiff did not dispute any of the facts listed by Defendants and did not directly respond to the arguments made by Defendants. Instead, Plaintiff listed various legal propositions, none of which appear to have any application to this case. Plaintiff did attach some documents to his Response. These documents do not contradict the facts listed by Defendants.

Defendants filed Replies (#38, #39) to Plaintiff's Response and pointed out that Plaintiff did not dispute the facts listed by Defendants.

ANALYSIS

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

In this case, Defendants have provided undisputed evidence that Plaintiff has been convicted in the circuit court of Douglas County of the criminal offense of violating a stalking no contact

order. Plaintiff has not shown that this conviction has been invalidated in any way. In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim of damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87. Therefore, where the allegations in a plaintiff's complaint are "inconsistent with the conviction's having been valid, *Heck* kicks in" and bars the plaintiff's civil suit. Okoro v. Callaghan, 324 F.3d 488, 490 (7th Cir. 2003).

This court agrees that Plaintiff's § 1983 Complaint is a textbook example of the type of claim precluded under the Heck doctrine. Plaintiff has challenged the various Defendants' actions based upon their role in his arrest for violating the stalking no contact order. Plaintiff's claim that his arrest violated his civil rights necessarily impugns his conviction of violating the stalking no contact order in the criminal case. Plaintiff's allegations are clearly inconsistent with his conviction being valid. Thus, Plaintiff's claims are barred by the Heck doctrine and Defendants are entitled to summary judgment on Plaintiff's claims. This court further concludes that Defendant Watson is also

entitled to summary judgment based upon prosecutorial immunity. It is well settled that prosecutors are absolutely immune from a suit for damages under § 1983 for initiating a prosecution and presenting the State's case. See <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976).

IT IS THEREFORE ORDERED THAT:

(1) The Motion for Summary Judgment (#27) ) filed by Defendants Villa Grove Police Chief Dennis Gire, Officer Michael Bradley and the Villa Grove Board is GRANTED.

(2) The Motion for Summary Judgment (#28) filed by Defendant Kate Watson is GRANTED.

(3) Judgment is entered in favor of Defendants and against Plaintiff.

(4) This case is terminated.

ENTERED this 27th day of September, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE